In re:                                                                    Case No. 17-04682-HWV
George Henry Simeone                                                      Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1      User: CGambini      Page 1 of 2      Date Rcvd: Dec 18, 2017
                     Form ID: pdf002    Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 20, 2017.
```
db             +George Henry Simeone,    416 Heritage Drive,    Gettysburg, PA 17325-8938
4991261         CAPITAL ONE (BANKRUPTCY NOTIFICATION) (p,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
4991262        +CB/EDBAUER,    PO BOX 182789,    COLUMBUS, OH 43218-2789
4991266         COMMONWEALTH OF PA,    DEPARTMENT OF REVENUE,    BUREAU OF INDIVIDUAL TAXES,    DEPT 280432,
                 HARRISBURG, PA 17128-0432
4991265         COMMONWEALTH OF PA,    DEPT OF REV BUR IND TAX,    DEPT 280431,    HARRISBURG, PA 17128-0431
4991267         COMMONWEALTH OF PA DEPT L&I,    READING B&C UNIT UTCS,    625 CHERRY ST ROOM 203,
                 READING, PA 19602-1152
4991268        +CREDIT BUREAU OF YORK,    33 S DUKE ST,    YORK, PA 17401-1485
4991269        +DPT ED/NAVI,    PO BOX 9635,    WILKES BARRE, PA 18773-9635
4991270         ENDOSCOPY CENTER AT ROBINWOOD,    1110 MEDICAL CAMPUS RD, STE 248,    HAGERSTOWN, MD 21742
4991271        +GETTYSBURG DENTAL ASSOC,    SEIDEL & DEFILIPPO,    353 YORK STREET,    GETTYSBURG, PA 17325-1953
4991273        +JP HARRIS ASSOCIATES LLC,    MUNICIPAL TAX ACCOUNTS,    PO BOX 226,
                 MECHANICSBURG, PA 17055-0226
4991274        +LAKE HERITAGE PROPERTY OWNERS ASSOC,    1000 HERITAGE DRIVE,    LAKE HERITAGE,
                 GETTYSBURG, PA 17325-8954
4995339        +Lake Heritage Property Owners Association, Inc.,    c/o John S. Phillips, Esq.,
                 101 West Middle Street,    Gettysburg, PA 17325-2190
4991276         PENNSYLVANIA AMERICAN WATER CO,    PO BOX 371412,    PITTSBURGH, PA 15250-7412
4991277        +RS CLARK ASC,    12990 PANDORA 150,    DALLAS, TX 75238-5256
4991278        +SPECIALIZED LOAN SERVICING LLC,    ATT BANKRUPTCY DEPARTMENT,    8742 LUCENT BLVD SUITE 300,
                 HIGHLANDS RANCH, CO 80129-2386
4991279        +STATE OF NEW JERSEY,    DEPT OF LABOR AND WORKFORCE DEVELOPMENT,    PO BOX 951,
                 TRENTON, NJ 08625-0951
4991280        +STERN & EISENBERG PC,    1581 MAIN STREET, STE 200,    THE SHOPS AT VALLEY SQUARE,
                 WARRINGTON, PA 18976-3400
4997179        +The Bank of New York Mellon Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
4991281        +WELLSPAN MEDICAL GROUP,    PHYSICIAN BILLING SERVICES,    1803 MT ROSE AVE SUITE B3,
                 YORK, PA 17403-3051
4991282        +WHITE RUN REGIONAL MUNICIPAL AUTHORITY,    2001 BALTIMORE PIKE,    GETTYSBURG, PA 17325-7068
4991283        +WHITE RUN REGIONAL MUNICIPAL AUTHORITY,    C/O CAMPBELL AND WHITE, PC,    112 BALTIMORE STREET,
                 GETTYSBURG, PA 17325-2311
4999494        +York Hospital,    1001 S George St,    York, PA 17403-3645
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4991260         E-mail/Text: ebn@americollect.com Dec 18 2017 18:57:20      AMERICOLLECT INC,
                 1851 S ALVERNO ROAD,    PO BOX 1566,    MANITOWOC, WI 54221
4991263        +E-mail/Text: dehartstaff@pamd13trustee.com Dec 18 2017 18:57:25      CHARLES J DEHART, III, ESQ.,
                 8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
4991264         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 18 2017 18:57:17      COMM OF PA DEPT OF REVENUE,
                 BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
4991272         E-mail/Text: cio.bncmail@irs.gov Dec 18 2017 18:57:12      INTERNAL REVENUE SERVICE,
                 PO BOX 21126,    PHILADELPHIA, PA 19114-0326
4991275        +E-mail/Text: Bankruptcies@nragroup.com Dec 18 2017 18:57:30      NATIONAL RECOVERY AGENCY,
                 2491 PAXTON STREET,    HARRISBURG, PA 17111-1036
5001317        +E-mail/Text: csc.bankruptcy@amwater.com Dec 18 2017 18:57:29      Pennsylvania American Water,
                 PO Box 578,    Alton, IL 62002-0578
4993684         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 18 2017 18:57:17
                 Pennsylvania Department of Revenue,    Bankruptcy Division  PO Box 280946,
                 Harrisburg PA  17128-0946
4991284        +E-mail/Text: kcm@yatb.com Dec 18 2017 18:57:09      YORK ADAMS TAX BUREAU,
                 900 BIGLERVILLE ROAD,    PO BOX 4374,    GETTYSBURG, PA 17325-4374
4992003        +E-mail/Text: kcm@yatb.com Dec 18 2017 18:57:09      YORK ADAMS TAX BUREAU,    PO BOX 15627,
                 YORK, PA 17405-0156
                                                                                              TOTAL: 9
```

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 20, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 18, 2017 at the address(es) listed below:

    Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
    James   Warmbrodt    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New Your, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-18 bkgroup@kmllawgroup.com
    Kara Katherine Gendron    on behalf of Debtor 1 George Henry Simeone karagendronecf@gmail.com, doriemott@aol.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
    United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                                                                                                                         TOTAL: 4

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In Re: | Chapter 13 |
|---|---|
| | Case No. 1:17-bk-04682-HWV |
| **GEORGE HENRY SIMEONE** | |
| fdba George Simeone's 100 Hour Mega Sale | |
| | |
| Debtor | CHAPTER 13 PLAN |
| | (Indicate if applicable) |
| | ☐ 0 Motion to avoid liens |
| | ☒ 1 Motion to value collateral |
| | ☐ Original Plan |
| | ☒ Amended Plan |

| YOUR RIGHTS WILL BE AFFECTED |
|---|
| **If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.** |

**FIRST AMENDED PLAN PROVISIONS**

**DISCHARGE: (Check one)**
☒ The debtor will seek a discharge of debts pursuant to Section 1328(a).
☐ The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**
☒     This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

**1. PLAN FUNDING AND LENGTH OF PLAN**

    A.    <u>Plan Payments</u>

        1.    To date, the Debtor(s) has paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is <u>$25,200.00</u>, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| | | | | |

| | | | | |
|---|---|---|---|---|
| 12/2017 | 11/2018 | $300.00 x 12 months | $ | $3,600.00 |
| 12/2018 | 11/2022 | $450.00 x 48 months | $ | $21,600.00 |
| | | $ | $ | $ |
| | | | Total Payments | $25,200.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE: ☒ Debtor(s) is at or under median income.
☐ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets
1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: If Debtor is currently unemployed upon finding employment, Debtor will provide a paystub to the trustee and file an amended plan if warranted by the change in income.

3. The Debtor estimates that the liquidation value of this estate is $. (Liquidation value is calculated as the value of all nonexempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

**2. SECURED CLAIMS**
A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| **NONE** | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, unless otherwise agreed to by the contracting parties, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| BACHOMELOANS | 416 Heritage Drive, Gettysburg, PA | $2554 | $637,924.35(Approximate) |
| LAKE HERITAGE PROPERTY OWNERS ASSOC | 416 Heritage Drive, Gettysburg, PA | $50.00 | $974.00(Approximate) |
| WHITE RUN REGIONAL MUNICIPAL AUTHORITY | 416 Heritage Drive, Gettysburg, PA | $150.00 | $8,000.00(Approximate) |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| BACHOMELOANS | 416 Heritage Drive, Gettysburg, PA | Per allowed proof of claim ($150,000) | | Arrears to be cured through Loan Mod within 1 year of confirmation or Automatic Stay will lift. |
| WHITE RUN REGIONAL MUNICIPAL AUTHORITY | 416 Heritage Drive, Gettysburg, PA | Per allowed proof of claim ($5,517.50) | | Per allowed proof of claim |

D. <u>Secured Claims Paid According to Modified Terms.</u>  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| LAKE HERITAGE PROPERTY OWNERS ASSOC | 416 Heritage Drive, Gettysburg, PA | $0 | | $0 | Plan |

* "PLAN" INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE.  IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN.  OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE

E. <u>Other Secured Claims</u>.  (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| **NONE** | | | % | |

F. <u>Surrender of Collateral</u>.  Debtor(s) surrenders the following assets to secured creditors.  Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered.  This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **NONE** | |

G. <u>Lien Avoidance.</u>  The debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| **NONE** | |

H. <u>Optional provision regarding duties of certain mortgage holders and servicers.</u>  Property of the estate vests upon closing of the case, and debtor elects to include the following provisions.   (Check if applicable)

(x) Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of

trust on the principal residence of the debtor to do the following:

   (1)   Apply the payments received from the trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

   (2)   Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

   (3)   Apply the post-petition monthly mortgage payments made by the debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

   A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| **YORK ADAMS TAX BUREAU** | $5154.35 |
| **PA DEPT OF REVENUE** | $118.66 |
| **IRS** | $7,716.31 |

   B. <u>Administrative Claims:</u>

   (1)  Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
   (2)  Attorney fees. Check one box:
        ☒  In addition to the retainer of $0 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.
        ☐  $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court
   (3)  Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| **Name of Creditor** | **Reason for Special Classification** | **Amount of Claim** | **Interest Rate** | **Total Payment** |
|---|---|---|---|---|
| **NONE** | | | | |

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| NONE | | | | | | |

6. **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☒ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**
   A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| NONE | | | | |

**(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

8. **OTHER PLAN PROVISIONS:**
   A. Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

   (1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
   (2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.
   (3) Lien Releases.
      (a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
      (b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(4) Notwithstanding the confirmation of this plan, the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with § 502(b) and to challenge the standing of any party to assert any such claim.

### 9. ORDER OF DISTRIBUTION:

Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Secured claims, pro rata.
Level 5: Priority claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

If the above Levels are not filled-in, then the order for distribution of plan payments will be determined by the Trustee using the following guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata
Level 5: Secured claims, pro rata..
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

/s/ George Henry Simeone
Debtor